## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee,<br><br>     *Plaintiffs,*<br><br>  v.<br><br>ALEXANDER DISTRIBUTING INC, an Indiana corporation; S & J HAULING, INC., an Indiana corporation; and RASTA JOE'S B.B.Q., INC., an Indiana corporation,<br><br>     *Defendants.* | )<br>)<br>)<br>)<br>) Case No. 26-cv-05289<br>)<br>) Judge<br>)<br>) Magistrate Judge<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, one of its present trustees, for a cause of action against Defendants allege as follows:

## JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Chicago, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's

Trust Agreement which designates this district as the appropriate forum for lawsuits to collect withdrawal liability.

## PARTIES

4.      The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5.      Plaintiff Charles A. Whobrey is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 8647 West Higgins Road, Chicago, Illinois.

6.      Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Charles A. Whobrey, are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

7.      Defendant Alexander Distributing Inc ("Alexander Distributing") is, and at all relevant times was, a corporation organized under the laws of the State of Indiana.

8.      Defendant S & J Hauling, Inc. ("S & J Hauling") is, and at all relevant times was, a corporation organized under the laws of the State of Indiana.

9.      Defendant Rasta Joe's B.B.Q., Inc. ("Rasta Joe's") is, and at all relevant times was, a corporation organized under the laws of the State of Indiana.

10.     Non-party Joseph P. Alexander is, and at all relevant times was, a resident of the State of Indiana.

## BACKGROUND

11.     At all relevant times, including on or about December 31, 2021, December 31, 2022, December 31, 2023, and April 6, 2025, Joseph P. Alexander directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of Alexander Distributing.

12.     At all relevant times, including on or about December 31, 2021, December 31, 2022, December 31, 2023, and April 6, 2025, Alexander Distributing transported and distributed dairy products and other refrigerated foods.

13.      At all relevant times, including on or about December 31, 2021, December 31, 2022, December 31, 2023, and April 6, 2025, Joseph P. Alexander directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of S & J Hauling.

14.     At all relevant times, including on or about December 31, 2021, December 31, 2022, December 31, 2023, and April 6, 2025, S & J Hauling transported and distributed dairy products.

15.     At all relevant times, including on or about December 31, 2021, December 31, 2022, December 31, 2023, and April 6, 2025, Joseph P. Alexander directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of Rasta Joe's.

16.     At all relevant times, including on or about December 31, 2021, December 31, 2022, December 31, 2023, and April 6, 2025, Rasta Joe's produced and sold barbecue food products to retailers and consumers.

17. Thus, at all relevant times, including on or about December 31, 2021, December 31, 2022, December 31, 2023, and April 6, 2025, Alexander Distributing, S & J Hauling, and Rasta Joe's were a group of trades or businesses under common control (the "Alexander Controlled Group") and therefore at all relevant times constituted a single employer within the meaning of section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

18. During all relevant times, Alexander Distributing was bound by collective bargaining agreements with a certain local union affiliated with the International Brotherhood of Teamsters, pursuant to which Alexander Distributing was required to make contributions to the Pension Fund on behalf of certain of its employees.

**COUNT I**
**2021 PARTIAL WITHDRAWAL LIABILITY**

19. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 18 of this Complaint as though fully set forth herein.

20. As a result of a decline in the Alexander Controlled Group's contributions to the Pension Fund, the Pension Fund determined that on December 31, 2021, the Alexander Controlled Group effected a "partial withdrawal" from the Pension Fund within the meaning of section 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1) (the "2021 Partial Withdrawal").

21. As a result of the 2021 Partial Withdrawal, the Pension Fund determined that the Alexander Controlled Group incurred joint and several withdrawal liability to the Pension Fund in the principal amount of $2,764,852.18, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b) (the "2021 Partial Withdrawal Liability").

22. On or about January 12, 2024, the Alexander Controlled Group, through Alexander Distributing, received a notice and demand for payment of the 2021 Partial Withdrawal Liability

issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

23. On or about February 21, 2024, the Alexander Controlled Group, through Alexander Distributing, received a notice from the Pension Fund pursuant to section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), advising that the Alexander Controlled Group's payments on the 2021 Partial Withdrawal Liability were past due and forewarning the Alexander Controlled Group of the consequences of its failure to pay such withdrawal liability.

24. The Alexander Controlled Group failed to make the required payments to the Pension Fund with respect to the 2021 Partial Withdrawal Liability and fell into default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

25. The Alexander Controlled Group did not timely initiate arbitration with respect to the 2021 Partial Withdrawal Liability pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing and all defenses to the 2021 Partial Withdrawal Liability have been waived pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

26. Each of the Defendants, as members of the Alexander Controlled Group, are jointly and severally liable to the Pension Fund for the 2021 Partial Withdrawal Liability.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendants, and on behalf of Plaintiffs, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

(i) $2,764,852.18 in withdrawal liability;

      (ii)     interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

      (iii)    an amount equal to the greater of interest on the unpaid withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and

      (iv)    attorney's fees and costs.

(b)    Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c)    Such further or different relief as this Court may deem proper and just.

**COUNT II**
**2022 PARTIAL WITHDRAWAL LIABILITY**

27.    Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 18 of this Complaint as though fully set forth herein.

28.    As a result of a decline in the Alexander Controlled Group's contributions to the Pension Fund, the Pension Fund determined that on December 31, 2022, the Alexander Controlled Group effected a second "partial withdrawal" from the Pension Fund within the meaning of section 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1) (the "2022 Partial Withdrawal").

29.    As a result of the 2022 Partial Withdrawal, the Pension Fund determined that the Alexander Controlled Group incurred joint and several withdrawal liability to the Pension Fund in the principal amount of $2,808,002.21, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b) (the "2022 Partial Withdrawal Liability").

30.     On or about May 16, 2024, the Alexander Controlled Group, through Alexander Distributing, received a notice and demand for payment of the 2022 Partial Withdrawal Liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

31.     On or about June 21, 2024, the Alexander Controlled Group, through Alexander Distributing, received a notice from the Pension Fund pursuant to section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), advising that the Alexander Controlled Group's payments on the 2022 Partial Withdrawal Liability were past due and forewarning the Alexander Controlled Group of the consequences of its failure to pay such withdrawal liability.

32.     The Alexander Controlled Group failed to make the required payments to the Pension Fund with respect to the 2022 Partial Withdrawal Liability and fell into default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

33.     The Alexander Controlled Group did not timely initiate arbitration with respect to the 2022 Partial Withdrawal Liability pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing and all defenses to the 2022 Partial Withdrawal Liability have been waived pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

34.     Each of the Defendants, as members of the Alexander Controlled Group, are jointly and severally liable to the Pension Fund for the 2022 Partial Withdrawal Liability.

**WHEREFORE**, Plaintiffs request the following relief:

(a)     A judgment against Defendants, and on behalf of Plaintiffs, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

    (i)     $2,808,002.21 in withdrawal liability;

    (ii)    interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

    (iii)   an amount equal to the greater of interest on the unpaid withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and

    (iv)   attorney's fees and costs.

(b)    Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c)    Such further or different relief as this Court may deem proper and just.

## COUNT III
## 2023 PARTIAL WITHDRAWAL LIABILITY

35.    Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 18 of this Complaint as though fully set forth herein.

36.    As a result of a decline in the Alexander Controlled Group's contributions to the Pension Fund, the Pension Fund determined that on December 31, 2023, the Alexander Controlled Group effected a "partial withdrawal" from the Pension Fund within the meaning of section 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1) (the "2023 Partial Withdrawal").

37.    As a result of the 2023 Partial Withdrawal, the Pension Fund determined that the Alexander Controlled Group incurred joint and several withdrawal liability to the Pension Fund in

the principal amount of $1,024,666.82, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b) (the "2023 Partial Withdrawal Liability").

38. On or about January 28, 2026, the Alexander Controlled Group, through Alexander Distributing, received a notice and demand for payment of the 2023 Partial Withdrawal Liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

39. The Alexander Controlled Group did not submit a request for review of the 2023 Partial Withdrawal Liability pursuant to section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), and timely requesting review is a statutory prerequisite to initiating arbitration under section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

40. The Alexander Controlled Group failed to make the required withdrawal liability payment to the Pension Fund.

41. Each of the Defendants, as members of the Alexander Controlled Group, are jointly and severally liable to the Pension Fund for the 2023 Partial Withdrawal Liability.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendants, and on behalf of Plaintiffs, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

(i) $1,024,666.82 in withdrawal liability;

(ii)    interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

(iii)    an amount equal to the greater of interest on the unpaid withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and

(iv)    attorney's fees and costs.

(b)    Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c)    Such further or different relief as this Court may deem proper and just.

### COUNT IV
### 2025 COMPLETE WITHDRAWAL LIABILITY

42.    Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 18 of this Complaint as though fully set forth herein.

43.    The Pension Fund determined that on or about April 6, 2025, the Alexander Controlled Group permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383 (the "2025 Complete Withdrawal").

44.    As a result of the 2025 Complete Withdrawal, the Pension Fund determined that the Alexander Controlled Group incurred joint and several withdrawal liability to the Pension Fund

in the principal amount of $41,657.42, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b) (the "2025 Complete Withdrawal Liability").

45.     On or about January 28, 2026, the Alexander Controlled Group, through Alexander Distributing, received a notice and demand for payment of the 2025 Complete Withdrawal Liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).

46.     The Alexander Controlled Group did not submit a request for review of the 2025 Complete Withdrawal Liability pursuant to section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A), and timely requesting review is a statutory prerequisite to initiating arbitration under section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

47.     The Alexander Controlled Group failed to make the required withdrawal liability payment to the Pension Fund.

48.     Each of the Defendants, as members of the Alexander Controlled Group, are jointly and severally liable to the Pension Fund for the 2025 Complete Withdrawal Liability.

**WHEREFORE**, Plaintiffs request the following relief:

(a)     A judgment against Defendants, and on behalf of Plaintiffs, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

(i)     $41,657.42 in withdrawal liability;

(ii)     interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase

Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

(iii) an amount equal to the greater of interest on the unpaid withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and

(iv) attorney's fees and costs.

(b) Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c) Such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/ Sterling Coleman-Selby*
Sterling Coleman-Selby (ARDC #6343160)
Central States Funds, Law Department
8647 W. Higgins Road, 8th Floor
Chicago, IL 60631-2803
(847) 939-2146
scoleman@centralstatesfunds.org
*Attorney for Plaintiffs*